**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**STEVEN ROLAND**                                                          **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO. 2:08cv76-KS-MTP**

**RONALD KING**                                                    **DEFENDANT**

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on October 6, 2009. The Plaintiff appeared *pro se*, and the Defendant was represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

In this action, Plaintiff complains that female officers in the control tower at SMCI are

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

1

able to view male inmates while they are showering and using the bathroom.[3]  As a result, Plaintiff claims that his right to privacy is being violated.  Plaintiff has sued Ronald King, Superintendent of SMCI,  because, according to Plaintiff, he can set policy and make structural changes at the prison.

## 2.  DISCOVERY ISSUES

Within thirty (30) days, Defendant shall produce to Plaintiff the MDOC policy regarding observation of inmates in the shower and bathroom areas.  If no such policy exists, Defendant shall provide a written statement to that effect by that date.

There are no other discovery matters pending at this time, except for those set forth herein.  The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation.  *See* Fed. R. Civ. P. 26(b)(1).  The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

## 3. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is December 1, 2009.  Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Within thirty (30) days, Defendant shall produce to Plaintiff the MDOC policy regarding observation of inmates in the shower and bathroom areas.  If no such policy exists, Defendant shall provide a written statement to that effect by that date.

---

[3] Plaintiff clarified that he is not complaining about male officers observing male inmates using the shower and bathrooms.

2. This order may be amended only by a showing of good cause.

3. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED on this the 6th day of October, 2009.

                                                              s/ Michael T. Parker
                                                              United States Magistrate Judge