# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**STEVEN ROLAND**                          **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 2:08cv76-MTP**

**RONALD KING**                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant's Motion for Summary Judgment [21]. Having reviewed the submission of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion should be denied.

### Factual Background

Plaintiff Steven Roland filed suit *pro se* on April 7, 2008, pursuant to 42 U.S.C. § 1983, against Defendant Ronald King, Superintendent at South Mississippi Correctional Institution (SMCI) in Leakesville, Mississippi, where Plaintiff is incarcerated.[1] As clarified by his sworn testimony at an omnibus hearing held on October 6, 2009,[2] in this action Plaintiff complains that female officers in the control tower at SMCI are able to view male inmates while they are showering and using the bathroom.[3] As a result, Plaintiff claims that his right to privacy is being violated. Plaintiff has sued Superintendent King because, according to Plaintiff, he can set policy and make structural changes at the prison. Defendants moved for summary judgment on

---

[1] Plaintiff is a convicted felon.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

[3] Plaintiff clarified that he is not complaining about male officers observing male inmates using the shower and bathrooms.

1

November 10, 2009.

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir.

1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

The Fifth Circuit has recognized that "[p]risoners retain, at best, a very minimal fourth Amendment interest in privacy after incarceration." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). In evaluating a policy or procedure claimed to violate a prisoner's right to privacy, the court must balance the intrusion against the state's legitimate penological interests. *Id.* In doing so, "great deference" is given to "prison administrators' judgments regarding jail security." *Id.* (citations omitted). Thus, in order to pass constitutional muster, a challenged intrusion "need only be 'reasonably related to legitimate penological interests.'" *Id.* (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Four factors determine whether there is a reasonable relationship between a challenged regulation or policy and a legitimate penological interest: 1) whether the regulation has a "valid, rational" connection to the governmental interest put forth to justify it; 2) whether the inmate has alternative methods for exercising the right in question; 3) the impact that accommodation would have on other inmates or prison staff; and 4) the existence of easy, rather than hard, alternatives to the challenged regulation or policy. *Id.* (citing *Turner*, 482 U.S. at 89-90).

Defendant argues in his motion that "the use of female officers is essential to the proper running of the Mississippi Department of Corrections." *See* Motion [21] at 4. However, the motion was not accompanied by an affidavit or other evidentiary materials. Instead, Defendant

mainly relies upon an unpublished Fifth Circuit case, *Smith v. Moore*, 917 F.2d 560 (5th Cir. Sept. 24, 1990 (table, No. 90-8068, unpub.) (Exh. A to Motion for Summary Judgment). In that case, Plaintiff, an inmate at the Mississippi State Penitentiary in Parchman, Mississippi, contended that his right to privacy was violated because female correctional officers observed him while showering and using the toilet. A hearing was held by the court, and defendants' witnesses testified about the purpose and reasons for the policy at issue. Defendants also offered evidence to refute Plaintiff's proposal that partitions could be erected in the showers to obstruct the view of inmates. Thus, based on the evidence before the court, and applying the *Turner* factors, the court concluded that the policy at Parchman was a reasonable policy related to the legitimate government objective of internal security.[4] Here, however, there is no such evidence presently before the court in this matter.

Similarly, in *Oliver*, the court examined the policy of Corrections Corporation of America (CCA), which operated the Texas prison at issue, of allowing female guards to conduct surveillance of male inmates in showers and bathrooms. Based on the un-rebutted summary judgment evidence submitted by CCA,[5] the court applied the four *Turner* factors set forth above and concluded that Plaintiff had failed to provide sufficient summary judgment evidence to create a fact issue as to whether security concerns justified the cross-sex surveillance. Thus, the

---

[4] The court notes that this case was originally dismissed by the district court (Northern District of Mississippi) for failure to state a claim. However, the Fifth Circuit vacated that order and remanded the case for further proceedings with respect to the privacy claim. On remand, the Magistrate Judge held a hearing, after which he recommended that the case be dismissed. The Magistrate's report and recommendation was adopted by the district court, and the appeal discussed above ensued. *See Smith* at 2.

[5] This included "evidence that security was a legitimate concern at [the prison] among male inmates because of their convictions for more severe and violent crimes," and that "constant visual monitoring of all areas was necessary to maintain the security of the inmates and staff." *Oliver*, 276 F.3d at 746.

court granted summary judgment to CCA. *See Oliver*, 276 F.3d at 746. *See also Sinclair v. Stalder*, 78 Fed. Appx. 987, 989 (5th Cir. Oct. 28, 2003) ("Considering the summary judgment evidence, and in light of Sinclair's failure to suggest ready and effective alternatives to the state's policy...we have determined that the state's policy of using female officers to supervise the living areas of Sinclair's prison unit is reasonably related to legitimate penological objections [sic], including flexibility in security personnel staffing and equal employment opportunity.").

As noted *supra*, Defendant has failed to submit any documents or other evidence to support his motion for summary judgment. Accordingly, the court finds that Defendant has failed to meet his burden of establishing that there is no genuine issue of material fact as to whether SMCI's policy of allowing female officers to view male inmates while showering or in the bathrooms is reasonably related to a legitimate penological interest. While Defendant may be able to establish this at trial, based on the lack of record evidence the court cannot at this juncture apply the *Turner* factors and conclude that Defendant is entitled to judgment as a matter of law.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [21] is denied. This case will be set for trial by separate order.

SO ORDERED on this the 1st day of February, 2010.

s/ Michael T. Parker
United States Magistrate Judge